*Hazelrigg, for appellant.*

*Nesbitt, Kendall, Cooper, for appellee.*

---

COMMONWEALTH BY ROBERT BAGBY *v.* WILLIAM LITTLE AND OTHERS.

**Ferries—Duties of Ferryman—Remedy of Persons Injured.**

In the absence of an order of the county court permitting plaintiff as relator to sue the defendant ferryman, plaintiff must disclose some interest in himself, showing that his rights have been affected in some way because of the failure of defendant to conduct and keep his ferry as required by law, plaintiff's remedy for mere injury to himself being by acting on the ferryman's bond, and not the revocation of the license.

**Ferries—Violation of Duties—General Charge.**

   Where, in a proceeding against a ferryman for failure to comply
with the law, the charge is a general one that defendant has failed
to comply with the law, it is too general and indefinite to support
the proceeding.

APPEAL FROM GREENUP CIRCUIT COURT.

February 8, 1873.

OPINION BY JUDGE PRYOR:

In the absence of any order of the county court permitting the
appellant to prosecute this proceeding as relator, he must disclose
some interest in himself by showing that his rights have been af-
fected in some way on account of the failure of the appellees to
conduct and keep their ferry as required by law, and even then for
the mere injury to the appellant the remedy should be on the bond,
and not by way of revoking the franchise.

Conceding, however, that he had the right to institute the pro-
ceeding, or that his information gave to the county court the power
and right to adjudicate on the question, still there is no such state-
ment of facts in the notice of the intended motion as constitutes
any cause of complaint. The notice fails to specify in what man-
ner the appellees have failed to comply with the law. They may
have all the boats required by the county court and still not a
sufficient number to accommodate the public.

The name of the person is not given who has been delayed on
account of the negligence of the appellees as ferrymen, nor is there
any allegation, showing in what particular the wharf is insufficient.
The substance of all the charges is, that the appellees have failed
to comply with the law. Such a statement is too general and in-
definite to base such a proceeding on, and the circuit court acted
properly in reversing the judgment of the county court. That court,
however, should have been directed by the judgment of the circuit
court to set aside the order revoking the grant and dismissing the
proceeding without prejudice.

The judgment of the court below is therefore *affirmed* on the
original appeal and *reversed* on the cross-appeal and remanded for
further proceedings consistent herewith.

*S. L. Moore, Dulin, for appellant.*

*Ireland, Phister, for appellees.*